## L. ELKINS, APPELLANT, *v.* G. PARRISH, RESPONDENT.

SLIGHT EVIDENCE ADMISSIBLE.—Where there are several issues of fact made by the pleadings to be tried by a jury, it is not error to admit any evidence, however slight, which tends to prove any fact so put in issue.

APPEAL from Linn County.

This action is founded on an instrument in writing whereby the respondent agreed to deliver to the appellant a

sufficient number of American brood mares and colts at their actual cash value to amount to one thousand dollars, at Wain Claypool's, on the Upper Ochico, in Wasco county, Oregon, on the first day of October, 1878. It is alleged on the part of the appellant that the respondent failed to deliver the mares and colts at the place named, to the appellant's damage, etc.

The answer of the respondent denies the alleged failure, and alleges that on the first of October, 1878, the parties entered into another agreement whereby the place of delivery of the mares was changed to Henry Clicks', on Willow creek in Wasco county; that the respondent was ready to comply with the agreement at the appointed time, but that the appellant was not present or ready to receive the property. The reply puts in issue the material allegations in the answer. The respondent had a verdict and judgment. The errors assigned are as follows: 1. The court erred in allowing respondent's counsel to ask the witness, G. Parrish, the following questions: "State what kind of a country it was where the horses were to be delivered, and what knowledge Mr. Elkins had of the country at the time the contract was made." 2. "What is the country there used for, and how is it used?" 3. "State whether the country is fenced at the place where the horses were to be delivered, and where they were kept." 4. "State what knowledge Elkins had of the country at the time the contract was made as to how stock was kept there?"

*Weatherford & Blackburn, Powell & Bilyeu,* for appellant.

*L. Flinn, R. S. Strahan, L. Bilyeu,* for respondent.

By the Court, PRIM, J.:

It is claimed by appellant that the court erred in allowing certain questions to be asked and answered by the respondent, as follows:

1. "State what kind of country it was where the horses were to be delivered, and what knowledge Mr. Elkins had of the country at the time the contract was made?" Answer. "It is a valley, timberless country, with very little water,

but covered with grass; it is not suitable for farming purposes but suitable only for cattle, except in the lower part of the valley; there are some few farms and houses. Mr. Elkins had no knowledge of the Willow creek country at that time, at least he told me he had not."

2. "What is the country there used for, and how is it used?" Answer. "For the purpose of raising and pasturing stock; the stock are turned loose upon the range."

3. "State whether the country is fenced at the place where the horses were to be delivered, and where they were kept." Answer. "It is fenced where the horses were to be delivered, but not where they were kept on the range."

4. "State what knowledge Elkins had of the country at the time the contract was made as to how stock were kept there?" Answer. "I think that he knew that stock were kept there loose on the range, as stock was generally kept in that country.

By reference to the pleadings it will be seen that the execution of the written agreement upon which the action is based is admitted in the answer of respondent, but that every allegation of default is denied. And in the separate answer it is alleged that by subsequent parol agreement, the place of delivery specified in the written agreement was waived and changed to Henry Clicks', in Willow creek, Wasco county, Oregon. And that on the said first day of October, 1878, the said respondent was at the said Henry Clicks' on said Willow creek, and was then and there able, ready, and willing to deliver said horses, mares, and colts to the said appellant, but that he was not there ready or willing to receive the same. And then it is further averred, by way of counter claim, that respondent ever since the first day of October, 1878, has constantly kept the said mares and colts for the appellant, and furnished them feed and pasturage and the necessary care and attention, and that the same is of the reasonable value of three hundred dollars.

All these allegations of new matter having been put in issue by the replication, we think the questions to which objections are made were admissible as tending to elicit facts which tend to prove the counter-claim of the respond-

ent.  If the country was unfenced and stock was allowed to run loose on the range, and a herder had to be kept with them, it was more expensive to keep them ready for delivery than it would have been if the stock had been kept in inclosed pastures.  And we think this evidence was properly submitted to the consideration of the jury, as tending to elicit facts tending to prove the counter-claim of the respondent.

It appears from the bill of exceptions that the court, in passing upon the admissibility of this evidence, assigned the following reason for its admission: "Because it may be presumed that the parties had the nature of the country or place where the contract was by its terms to be executed, in view at the time the contract was made, and for the reason that the circumstances and condition of the subject of the contract, and of time and place when and where it was to be executed, must be considered in construing the contract.

This is also assigned as error, but no exception having been taken to it at the time, it can not be reviewed in this court.

Judgment of the court below affirmed.